**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ELMER EFRAIN MORAN ROMERO, AKA Elmer Moran, AKA Elmer Efrain Ramirez Romero,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.    10-70807<br><br>Agency No. A094-833-664<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Elmer Efrain Moran Romero, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Moran Romero applied for asylum within a reasonable time of any changed or extraordinary circumstances as to excuse the untimely filing of his asylum application. *See* 8 C.F.R. §§ 1208.4 (a)(4), (5); *Husyev*, 528 F.3d at 1181-82. We reject his contention that the BIA violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). Thus, we deny the petition for review as to Moran Romero's asylum claim.

Substantial evidence supports the BIA's finding that Moran Romero failed to establish it is more likely than not he would be tortured by the government of El Salvador, or with its consent or acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014). Thus, we deny the petition for review as to CAT relief.

As to Moran Romero's withholding of removal claim, we lack jurisdiction to consider his contentions regarding an imputed political opinion because he did not

10-70807

raise them before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). In denying his withholding of removal claim, the agency found Moran Romero failed to establish a nexus to a protected ground. However, when the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), and *Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Moran Romero's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**